**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ASHER KHAIMOV,<br><br>                Plaintiff,<br><br>    -against-<br><br>CREDIT MANAGEMENT, LP,<br><br>               Defendant. | <u>**CIVIL ACTION**</u><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Asher Khaimov ("Plaintiff") brings this action on an individual basis against Defendant Credit Management, LP ("Defendant" or "Credit Management") and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.     In 1977 Congress enacted Title 15 of the United States Code § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e). After

determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id*.; § 1692k.

3.      Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

4.      In determining whether a collection letter violates the FDCPA, courts in the Second Circuit apply the "least sophisticated consumer standard." *Jacobson*, 516 F.3d at 91. In applying this standard, it is not relevant whether the particular debtor was confused by the communication that was received. *See Jacobson*, 516 F.3d at 91.

5.      Under the least sophisticated consumer standard, a collection letter violates the FDCPA where the letter contains language that is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

6.      In recovering damages under the FDCPA, a consumer need not show that the conduct or communication made by the debt collector was intentional. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 1993). Rather, the FDCPA is a strict liability statute, and a single violation is sufficient to establish civil liability against the debt collector. *See Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993).

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over this action under 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d).  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this

is where Plaintiff resides and where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

9.     Plaintiff is a natural person and a resident of Brooklyn, New York.

10.     Plaintiff is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

11.     Upon information and belief, Defendant's principal place of business is located at 6080 Tennyson Parkway, Suite 100, Plano, Texas 75024 and its designated agent for service of process, CT Corporation System, is located at 28 Liberty Street, New York, New York 10005.

12.     Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

13.     Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

14.     Some time on or about March 13, 2020, an alleged debt was incurred to 11 Charter Communications ("Charter").

15.     The alleged debt of $94.00 purportedly owed to Charter arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16.     The alleged Charter obligation is a "debt" as defined by 15 U.S.C.§1692a(5).

17.     Charter is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18.     Upon information and belief, at some time prior to May 7, 2020, the alleged debt was purchased by, or otherwise assigned to Defendant.

19.     In an effort to collect on this alleged debt, Defendant sent Plaintiff a collection

letter.

20.    Thereafter, on or around May 7, 2020, Plaintiff called Defendant to inquire about the alleged debt.

21.    A representative of Defendant answered the phone.

22.    During the call, Defendant's representative sought to verify Plaintiff's account and stated that the communication was from a debt collector and any information obtained during the call would be used for that purpose.

23.    Plaintiff thereafter stated that he disputes the $94.00 debt.

24.    In response, Defendant's representative stated to Plaintiff that in order to properly dispute the purported debt he would "need to go to our online website" where he must "type in a reference number."

25.    Out of apparent confusion or desire for confirmation, Plaintiff further inquired "how can I dispute it?" prompting Defendant to reply: "submit it in writing to us."

26.    Plaintiff further inquired "so I can't just do it over the phone?" and Defendant replied, "no sir."

27.    The FDCPA permits a consumer to orally dispute a debt.[1]

28.    A consumer may orally dispute a debt without providing a basis for the dispute.[2]

---

[1] It is well settled that § 1692g(a)(3) does not impose a writing requirement on a consumer. *See e.g.*, *Ong v. Am. Collections Enter.*, No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999*); Castro v. ARS Nat'l Servs., Inc.*, No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *see also Rosado v. Taylor*., 324 F. Supp. 2d 917 (N.D. Ind. 2004) (the collection attorney violated § 1692g(a)(3) by requiring that disputes be in writing to prevent the collector from considering the debt valid. The court noted that oral disputes overcome the assumption of validity and impose a requirement under § 1692e(8) that the debt collector report the dispute if reporting the debt to third parties.)
[2] *Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc*., 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a valid reason to dispute the debt is inconsistent with FDCPA).

29. Furthermore, Defendant failed to mark Plaintiff's account as disputed on credit reports issued after the May 7, 2020 phone call. A debtor's oral dispute of a debt precludes a debt collector from communicating credit information to others (*i.e.*, credit reporting agencies) without noting the fact that the debt is in dispute. *See* 15 U.S.C. § 1692e(8).

30. Plaintiff was misled into believing that he was not entitled to orally dispute his debt.

31. Plaintiff was misled into believing that he must dispute his debt in writing.

32. Plaintiff was misled into believing that to dispute his debt in writing he must visit Defendant's website where he would first need to input a "reference number."

33. The false representations made by Defendant would discourage the least sophisticated consumer from further disputing his debt.

34. Plaintiff was discouraged from further disputing his debt orally or in writing.

35. The false representations made by Defendant were material in that Plaintiff's account was not marked as disputed on his credit reports and negatively impacted Plaintiff's credit score.

36. As a result of these deceptive, misleading and unfair debt collection practices, Plaintiff has been harmed.

## <u>COUNT I</u>

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
### **15 U.S.C. § 1692e *et seq*.**

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

38. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

39. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive,

or misleading representation or means in connection with the collection of any debt.

40. Defendant violated § 1692e(10) by not accepting Plaintiff's oral dispute and making a false and misleading representation that Plaintiff must submit a written dispute.

41. Moreover, Defendant failed to mark the account as disputed on Plaintiff's credit report in violation of § 1692e(8).

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated § 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)     Awarding Plaintiff statutory damages;

(b)     Awarding Plaintiff actual damages;

(c)     Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

(d)     Awarding pre-judgment interest and post-judgment interest; and

(e)     Awarding Plaintiff such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  June 17, 2020                    **COHEN & MIZRAHI LLP**

                              /s/ Joseph H. Mizrahi
                              JOSEPH H. MIZRAHI

JOSEPH H. MIZRAHI
JONATHAN B. WEISS
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone:  929/575-4175
929/575-4195 (fax)
joseph@cml.legal
jonathan@cml.legal

*Attorneys for Plaintiff*